FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 AUG 22  PM 1:56

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

CLAY ADAM DAVIS,
       Plaintiff,

vs.

GREEN DOT CORPORATION,
       a Delaware corporation,

and

GREEN DOT BANK,
       d/b/a "Bonneville Bank",

       Defendants          /
_____/

Case No. _____

3:14-CV-1007-J-32MCR

## COMPLAINT
### (JURY TRIAL DEMANDED)

      COMES NOW the Plaintiff, CLAY ADAM DAVIS (hereinafter "CLAY DAVIS"

or "Plaintiff") by and through his undersigned counsel and files this Complaint for damages

arising from Defendants', GREEN DOT CORPORATION, a Delaware corporation

(hereinafter, "GREEN DOT CORP.") and GREEN DOT BANK, d/b/a "Bonneville Bank", "

(hereinafter, "GREEN DOT BANK") (GREEN DOT CORP and GREEN DOT BANK are

hereinafter collectively referred to as "Defendants")  violations of the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, and the regulations proscribed thereunder, 47 C.F.R.

§ 64.1200.

1

## I. **JURISDICTION, PARTIES AND VENUE**

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 *Mimms v. Arrow Fin. Servs. LLC*, 2012 U.S. LEXIS 132 S. Ct. 740 (U.S. 2012).

3.    Venue is proper in this Court because Plaintiff resides in Putnam County, Florida and Defendants placed telephone calls into this District.

### **PLAINTIFF**

4.    Plaintiff CLAY DAVIS is a natural person and is *sui juris*.

5.    At all material times herein, the Plaintiff CLAY DAVIS was a resident of the State of Florida. At all times relevant, Plaintiff resided in Putnam County, Florida.

### **DEFENDANTS**

6.    Defendant GREEN DOT CORPORATION (hereinafter "GREEN DOT CORP.") . is a corporation organized and existing under the laws of the State of Delaware and is a bank holding company under the Bank Holding Company Act of 1956, as amended.  GREEN DOT CORP's headquarters are located at 605 E. Huntington Drive, Suite 205, in Monrovia, California (91016).

7.   The registered agent in the State of Florida for GREEN DOT CORP is Corporation Service

Company whose offices are located at 1201 Hays Street, in Tallahassee, FL (32301).


8.   Defendant GREEN DOT CORP received valid service of process in this action.


9.   Defendant GREEN DOT BANK  ("GREEN DOT BANK") is a member of the Federal

Reserve System.  GREEN DOT BANK  also conducts business under the registered trade names

"Bonneville Bank", "GoBank" and "Green Dot Bank".   Defendant GREEN DOT BANK's

headquarters are located at 1675 North 200 West in Provo, Utah (84601).


10.   Defendant GREEN DOT BANK may be served by personal service  to Mr. Lewis

Goodman, President and Chief Executive Officer of GREEN DOT BANK or other persons who

are managers or in charge of Defendant's office located at 1675 North 200 West in Provo, Utah

(84601).


11.   Defendant GREEN DOT BANK received valid service of process in this action.


12.   At all material times herein, the conduct of the Defendants GREEN DOT CORP and

GREEN DOT BANK complained of below occurred in Putnam County, Florida.


13.   At all material times herein, the Defendants GREEN DOT CORP and  GREEN DOT

BANK engaged in the usual and customary business within Florida including Putnam County,

Florida.

14.   Defendants GREEN DOT CORP and GREEN DOT BANK transacts business in the State of Florida.

15.   Defendant GREEN DOT BANK's business includes, but is not limited to a business of issuing accounts commonly known as "WalMart Money Cards", servicing such accounts, and processing transactions through such accounts.

16.   Defendant GREEN DOT CORP is a bank holding company whose business includes, but is not limited to performing servicing and processing of GREEN DOT BANK's "WalMart Money Card" accounts.

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

17.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient.   The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Red. 14014 (2003).

4

18.    The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11 -13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

19.    With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one federal court has specifically noted that "a system need not actual store, produce, or call randomly or sequentially generated telephone numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (emphasis added).

20.    Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. *2003 TCPA Order*, 18 FCC Red 14092-14093 at ¶ 133.

21.    The FCC has opined that Short Message Service ("SMS") communications — more commonly referred to as "text messages" — constitute "calls". *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 F.C.C.R. 14014, 14015 (July 3, 2003) (the "2003 Order") (calls encompass "both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provide the call

5

is made to a telephone number assigned to such service."); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection At of 1991*, 19 F.C.C.R. 19215, 19224-25 (Sept. 21, 2004) ("[W]e determined that the TCPA prohibits *any call* using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. We concluded that this encompasses both voice calls and text calls to wireless numbers including, for example, Short message Service calls.") (emphasis original). Accord, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

22.   The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

23.   The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone,* 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't, 2008).

**FACTS**

24.   In the four year period preceding the filing of this Complaint, Defendants GREEN DOT CORP and GREEN DOT BANK  made and/or initiated a series of text message calls to Plaintiff's cellular telephone number (hereinafter referred to as the Text Message Calls).

25.   The Text Message Calls were placed by Defendants GREEN DOT CORP and/or GREEN

DOT BANK or by Defendants' affiliates or agents acting under Defendants' supervision and control and within course and scope of their employment or agency.

26.   Defendants made unsolicited commercial text calls, including the messages referenced in Paragraph 25, to Plaintiff's wireless telephone on the dates and times identified in Exhibit "A".  The substance of each of these Text Message Calls was substantially identical :

> "As of [MM/DD] [TIME] [A.M./P.M] PT, you have
> $  [AMOUNT] remaining.        Thanks for using
> Walmart Money Card."

When the account balance was negative, Defendants would so note by including a "-" immediately preceding the "$" in the amount.   (The abbreviations "MM" and "DD" indicate appear where Defendants used two digit numerals to indicate the month and day of the text messages, respectively.)

27 (A).   Each such Text Message Call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.   In the alternative, the Text Message Calls were dialed using a predictive dialer.

27 (B).   Defendant GREEN DOT BANK is one of the largest issuers of prepaid cards in the United States.   Defendants had approximately 4.49 million active cards that had a purchase,

reload or ATM transaction during the ninety (90) day period ending on December 31, 2013.

27 (C).    By using an automated telephone dialing system equipment, Defendants were able to effectively send similar messages to lists of thousands of wireless phone numbers of consumers without human intervention.  The Text Message Calls at issue in this action were placed from SMS Short Codes (including but not necessarily limited to SMS Short Codes  43411 and 96411) which Plaintiff believes are assigned to Defendants, their affiliates, or agents.    The Text Message Calls listed in Exhibit "A" that Plaintiff received from the afore-described SMS Short Codes are all identical except the date, time, and amount of the balance of the WalMart Money Card varies.    The Text Message Calls at issue in this case are impersonal in nature and indicate a computer used a "fill in the blank" template to insert the balance and send the Text Message Calls to Plaintiff without human intervention.

27 (D).  Defendants GREEN DOT CORP and GREEN DOT BANK dialed Plaintiff CLAY DAVIS' telephone number using their telephone system and without human intervention.

28.    The Text Message Calls placed after July 8, 2013, were willfully placed.

29.    The Text Message Calls were knowingly placed.

30.    The Text Message Calls were not made for emergency purposes

8

31.   Plaintiff CLAY DAVIS   did not give his prior express consent to be called using an

artificial or prerecorded voice.

32    In the alternative,   Plaintiff CLAY DAVIS withdrew any express permission that

Defendants GREEN DOT CORP and GREEN DOT BANK  may have believed Mr. Davis gave

Defendants to call him using an automatic dialing device.    Plaintiff CLAY DAVIS sent

Defendant three (3) emails informing Defendants' employees that he did not authorize Defendant

to send him the text messages and that such calls were unwelcome on the following dates and

times (approximate) :

   (A)    July 8, 2013 at 9:11 p.m. (UTC);

   (B)    July 15, 2013 at 10:38 a.m. (PDT); and

   (-C-)  July 22, 2013 at 2:51 p.m. (PDT)

(The afore-described emails from CLAY DAVIS to Defendants  are hereinafter collectively

referred to as the "Email Notifications".)    Defendants acknowledged receiving each of the

Email Notifications from CLAY DAVIS but continued to send the Text Message Calls to CLAY

DAVIS.

33.   At all times relevant, Plaintiff does not have a WalMart Money Card or have an account

with Defendants.

34.   Since July 12, 2013,  Defendants placed *at least* ninety one hundred and three (103) Text Message Calls to Plaintiff's cellular telephones using automatic dialing equipment in violation of the TCPA. (The dates and approximate times of many of the Text Message Calls are listed in Exhibit "A" which is attached to this Complaint.   The Text Message Calls continue through the present time; Plaintiff will update the call log as required by the Court.)

35.    Since July 12, 2013, Defendants wilfully or knowingly placed *at least* one hundred and three (103) text message calls to Plaintiff's cellular telephones using automatic dialing equipment in violation of the TCPA. (The dates and approximate times of many of the Text Message Calls are listed in Exhibit "A" which is attached to this Complaint.)

36.    During the period beginning on July 12, 2013, and continuing through the present time, Defendants GREEN DOT CORP and  GREEN DOT BANK's employees and agents have knowingly or willfully violated the TCPA by placing *at least* one hundred and three (103) Text Message Calls to Plaintiff's cellular telephone  using an automatic telephone dialer system.

37.    The calls adversely affect the privacy rights that the TCPA was intended to protect.

38.    Plaintiff has complied with all conditions precedent to bring this action.

10

## COUNT I : TELEPHONE CONSUMER PROTECTION ACT

39.     Plaintiff hereby incorporates Paragraphs Numbered 1 - 38 as if fully set forth herein.

40.     The acts of the Defendants constitute violations of the Telephone Consumer Protection

Act ("TCPA").

41.     Defendant's violations of the TCPA include, but are not limited to, the following:

        Making and/or initiating a  telephone call using an automatic
        telephone dialing system or an artificial or prerecorded voice
        to a cellular telephone number without the prior express
        consent of the called party, in violation of 47 U.S.C.
        § 227(b) (1)(A)(iii)     and     47 C.F.R. 64.1200(a)(1)(iii).

42.     As a result of  Defendants' actions,  Plaintiff is entitled to an award of statutory damages

of $ 500.00 per violation.

43.     In the event that this Court finds that the Defendants GREEN DOT CORP and GREEN

DOT BANK's  violations were committed willfully or knowingly,  Plaintiff is entitled to an

award of statutory damages of up to $ 1,500.00 per violation.

WHEREFOR, Plaintiff CLAY ADAM DAVIS requests that this Court enter judgment jointly

and severally against Defendants GREEN DOT CORPORATION, a Delaware corporation, and

GREEN DOT BANK d/b/a "Bonneville Bank" as follows :

        (A)     That Plaintiff be awarded statutory damages in the amount of $ 500 for each
                of the Text Message Calls made on or after July 12, 2013, pursuant to 47 U.S.C.

11

§ 227(b)(3)(B);

(B)    That Plaintiff be awarded *additional* statutory damages in the amount of
       $ 1,000.00 per Text Message Calls which is found to be committed willfully or
       knowingly pursuant to 47 U.S.C. § 227(b)(3)(-c-) for each of the Telephone Calls
       made on or after July 12, 2013;

(C)    That Plaintiff be awarded the costs of litigation;

(D)    That the Court grant Plaintiff such further and additional relief as is
       just and proper.

## JURY DEMAND

Plaintiff CLAY ADAM DAVIS  hereby demands trial by jury of all claims

so triable.

DATED : AUGUST 18, 2014.

/s/ Donald E. Petersen
DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802 - 1948
Florida Bar Number :   0776238
Voice :                (407) 648 - 9050
Assistant / Messages : (407) 403 - 6760
E.C.F. (Only)        Depecf@cfl.rr.com
Email :     Petersen221@yahoo.com
Attorney For The Plaintiff,
CLAY ADAM DAVIS

ATTACHMENT :

EXHIBIT "A" :    Log of Text Message Calls From Defendants to Clay Davis